STATE of Indiana and Indiana State Police Department, Appellants (Respondents),

v.

George T. BERGMAN, Jr., Appellee (Petitioner).

No. 52A02–9001–CV–69.

Court of Appeals of Indiana, Second District.

Aug. 27, 1990.

Linley E. Pearson, Atty. Gen., Michael A. Schoening, Deputy Atty. Gen., Indianapolis, for appellants.

James H. Grund, Fern, Grund & Grund, Peru, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellants-respondents State of Indiana (State) and Indiana State Police Department (ISPD) appeals from an order expunging the criminal record of George T. Bergman, Jr. (Bergman) because of a pardon granted by Governor Orr in 1981.

We affirm.

## FACTS

The undisputed facts of this case show that in 1975, Bergman was convicted of attempting to obtain a controlled substance and sentenced to a term of imprisonment for one to five years. In 1981, Bergman received a pardon for the offense from former Governor Robert D. Orr, which declared:

"WHEREAS, GEORGE T. BERGMAN, JR. was convicted in the Miami County Circuit Court and sentenced May 22, 1975, to a term of 1 to 5 years for Unlawful Attempt to Obtain a Controlled Substance; and

WHEREAS, the petitioner has led a crime free life since his conviction; and

WHEREAS, the petitioner has several letters of recommendation to grant a pardon; and

WHEREAS, the petitioner requests a pardon to enhance his career opportunities and to clear his name.

NOW THEREFORE, I, Robert D. Orr, Governor of the State of Indiana, by virtue of the power and authority vested in me by the Constitution and laws of said State, hereby issue a pardon to George T. Bergman, Jr."

*Record* at 3.

Six and a half years later, Bergman petitioned to expunge the record of his 1975 felony conviction. On December 23, 1987, the court, without a hearing, granted Bergman's petition.

## ISSUES

After consolidating and restating the various issues raised by the parties, we find the pertinent issues to be:

1. Whether the Indiana State Police Department has standing to prosecute this appeal?
2. Whether the trial court erred in expunging Bergman's criminal record?
3. Did the trial court err in not setting aside the expungement order because a hearing was not held pursuant to notice?

This case presents novel issues of law.

## DECISION

*ISSUE ONE*—Whether ISPD has standing to prosecute this appeal?

*PARTIES' CONTENTIONS*—ISPD argues that it has standing because it will have to comply with the expungement order issued by the court. Bergman claims that ISPD does not have standing because it was not an original party to the criminal conviction.

*CONCLUSION*—ISPD has standing to bring this appeal.

As a criminal prosecution, the conviction of Bergman in 1975 for attempting to obtain a controlled substance involved an action in which Bergman and the State of Indiana were parties. Following the trial court's order expunging Bergman's criminal record, the attorney general's office brought this appeal in the name of the State of Indiana and ISPD. Bergman claims that since ISPD never moved to intervene in this matter, and the attorney general's office was not a party to the original action, both are without authority to prosecute.

For several reasons Bergman cannot prevail. One, ISPD is a state agency with responsibilities to the public including the keeping of records of those arrested, charged with, and convicted of crimes. Ind.Code 10–1–2.5–1 –9 (1988). Second, it is evident that Bergman expects ISPD to comply with the court's order by expunging the record of his conviction. Bergman cannot on one hand expect ISPD to comply with the order, and then on appeal claim that it is without standing because ISPD is not a party to the action. Finally, the attorney general unquestionably has the authority to represent the State and ISPD

on appeal. Ind.Code 4-6-1-6 (1988); Ind. Code 4-6-2-1 -2 (1988). In fact, the prosecutor, who Bergman claims is the only "party" entitled to appeal the expungement order, is without standing to do so. *State v. Doyle* (1987), Ind.App., 503 N.E.2d 449.

*ISSUE TWO*—Whether the trial court erred in expunging Bergman's criminal record?

*PARTIES' CONTENTIONS*—The State claims the trial court erred by failing to follow the statute relating to the expungement of criminal records. Bergman responds that the expungement statute is inapplicable to pardons and that expungement of his criminal record is necessary to fully effectuate the pardon granted by the Governor.

*CONCLUSION*—The trial court did not err in expunging the record of Bergman's conviction.

This is a novel question. The authority of the Governor to issue pardons rests in Ind. Const. Art. V, Section 17, which states in pertinent part:

> "The Governor may grant reprieves, commutations, and pardons, after conviction, for all offenses except treason and cases of impeachment, *subject to such regulations as may be provided by law....*"

(Emphasis supplied).

The State sees the Expungement Statute (below) as a regulation of the Governor's pardoning power by providing the exclusive means by which a criminal record may be expunged:

> "(a) Whenever:
>
> (1) an individual is arrested but no criminal charges are filed against him; or
>
> (2) all criminal charges filed against an individual are dropped because:
>
> (A) of a mistaken identity;
>
> (B) no offense was in fact committed; or
>
> (C) there was an absence of probable cause;

the individual may petition the court for expungement of the records related to the arrest.

Ind.Code 35-38-5-1(a) (1988).

■ An over-all review of the Expungement Statute reveals that this statute applies only to expungement of records prior to conviction and makes no reference to the expungement of criminal convictions based on gubernatorial pardons after conviction. We can see no application of this statute to the facts of this case, and we are not persuaded that the mere existence of this statute indicates that it is the "sole and exclusive procedure," *Appellant's Reply Brief* at 4, by which records of criminal convictions can be expunged.

■ The real issue is the effect a pardon has on a conviction. State courts have adopted two different, albeit not always distinct, approaches to this question. Some hold that a pardon merely acts to relieve a person of the punishment or penalty for the offense, but does not wipe out the fact of the conviction. *See Prisament v. Brophy* (1941), 287 N.Y. 132, 38 N.E.2d 468; *Bay v. South Carolina Highway Dep't* (1975), 266 S.C. 9, 221 S.E.2d 106; *Petitioner of Harrington* (1976), 134 Vt. 549, 367 A.2d 161; *Prichard v. Battle* (1941), 178 Va. 455, 17 S.E.2d 393. Others conclude a pardon works not only to relieve the person of the punishment for the crime for which he was convicted, but also acts to obliterate the finding of guilt. *Kelley v. State* (1933), 204 Ind. 612, 185 N.E. 453; *State v. Morris* (1978), 55 Ohio St.2d 101, 378 N.E.2d 708; *Pennsylvania v. C.S.* (1987), 517 Pa. 89, 534 A.2d 1053.

In *Kelley* our supreme court concluded that a prior conviction for which a pardon has been granted could *not* be used as an underlying offense in support of an habitual offender charge. *Kelley, supra.* In support of this view our supreme court cited a United States Supreme Court decision obliterating guilt:

> "A pardon reaches both the punishment prescribed for the offence and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the

eye of the law the offender is as innocent as if he had never committed the offence. If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction, from attaching; if granted after conviction, it removes the penalties and disabilities, and restores him to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity.

*Kelley* at 625, 185 N.E. at 458, quoting *Ex Parte Garland* (1876), 4 Wall 333.

Although *Kelley* did not deal with the effect a pardon has on the expungement of criminal records, the Pennsylvania Supreme Court dealt with that issue in *C.S.* C.S. was arrested for armed robbery in 1954 at the age of 20. He pled guilty, served the minimum sentence, and was paroled, completing it without violation. Later he became a supportive father of six children and an active participant in various church and community programs. In 1984, Governor Richard Thornburgh granted C.S. a pardon to help further his job opportunities. *C.S., supra.*

Following the pardon, C.S. petitioned the trial court to expunge the criminal record of his 1954 conviction for armed robbery. The court denied the petition saying it was "powerless to expunge the record of a conviction." *Id.* 534 A.2d at 1054. A divided Pennsylvania appeals court upheld the conviction stating that "the law of this Commonwealth is clear. Rehabilitation and post-conviction accomplishments are not grounds for expungement of the record of a criminal conviction." *Id.* at 1054.

In reversing the appeals court's decision, the Pennsylvania Supreme Court described a pardon as:

"the exercise of the sovereign's prerogative of mercy. It completely frees the offender from the control of the state. It not only exempts him from further punishment but relieves him from all legal disabilities resulting from his conviction. *It blots out the very existence of his guilt, so that, in the eye of the law, he is thereafter as innocent as if he had*

*never committed the offense . . . ."* (emphasis in the original).

*C.S.* at 1054, quoting *Pennsylvania v. Sutley* (1977), 474 Pa. 256, 273–74, 378 A.2d 780, 789.

Concluding that the record of C.S.'s conviction should be expunged, the court observed that "[t]here is no way that the State can retain the record of a former criminal who is 'as innocent as if he had never committed the offense.'" *C.S.*, 534 A.2d at 1054, quoting *Sutley, supra.* "A pardon without expungement is not a pardon." *C.S.* at 1054.

We find this reasoning persuasive. Governor Orr issued a pardon to Bergman to "enhance his career opportunities and *to clear his name." Record* at 3. There is nothing in the pardon to suggest there were conditions attached to this grant of executive clemency. In carrying out this executive mandate, the court had no choice but to "clear his name" by expunging the record of Bergman's conviction. This holding would appear to be consistent with *Kelley, supra.*

*ISSUE THREE*—Did the trial court err in not setting aside the expungement order because a hearing was not held pursuant to notice?

*PARTIES' CONTENTIONS*—The State contends that because it did not receive notice of the petition, the expungement order was void and the court should have granted its motion to set it aside. Bergman thinks the State's motion was untimely.

*CONCLUSION*—The trial court did not err by not setting aside the judgment.

■ The State's argument is based on the Expungement Statute which provides for notice and a hearing before a court may issue an expungement order. As we have previously determined, however, this statute is inapplicable to the facts of this case. While it is true that the State is entitled to notice and a hearing on matters related to pardons, that notice and hearing take place

*prior* to the granting of a pardon. Ind. Code 11-9-2-3 (1988).

Judgment affirmed.

RATLIFF, C.J., and SULLIVAN, J., concur.