# FOR PUBLICATION



FILED

Aug 06 2014, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CRAIG ALVEY, | ) | |
| | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1310-MI-533 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable David Bonfiglio, Judge
Cause No. 20D06-1307-MI-134

**August 6, 2014**

**OPINION ON REHEARING – FOR PUBLICATION**

**MATHIAS, Judge**

Craig Alvey ("Alvey") has filed a Petition for Rehearing of our opinion affirming the Elkhart Superior Court's denial of Alvey's petition to expunge the records of his conviction for Class A misdemeanor possession of cocaine. We grant Alvey's Petition for Rehearing for the limited purpose of addressing a perhaps unique question presented in his petition, but otherwise affirm our original opinion in full.

**Facts and Procedural History**

As explained in our original opinion, Alvey pleaded guilty to Class D felony possession of cocaine in 2007 and was sentenced to eighteen months probation. Alvey twice admitted to violating the terms of his probation and was eventually ordered to serve his sentence in Community Corrections. Alvey then successfully completed his sentence in Community Corrections. In 2012, Alvey successfully petitioned the trial court to have his Class D felony conviction reduced to a Class A misdemeanor.

On July 2, 2013, Alvey filed a petition to expunge the records of his now Class A misdemeanor conviction, but the trial court denied this petition because Alvey had not met all the requirements of the version of Indiana Code section 35-38-9-2 in effect at that time governing expungement of the records of a conviction for a Class A misdemeanor, including a Class D felony that has been reduced to a Class A misdemeanor. Specifically, that version of the applicable expungement statute required that the petitioner "successfully complete[] the person's sentence, including any term of supervised release[.]" I.C. § 35-38-9-2(d) (2013). Alvey appealed, and we affirmed the trial court's denial of his petition in our original opinion, concluding that Alvey did not successfully

2

complete his sentence, including the terms of his supervised release, because he had twice violated the terms of his probation. Alvey v. State, 10 N.E.3d 1031, 1034 (Ind. Ct. App. 2014) (citing Pittman v. State, 9 N.E.3d 179, 184 (Ind. Ct. App. 2014)).

**Discussion and Decision**

In his Petition for Rehearing, Alvey first claims we should retroactively apply the current version of Indiana Code section 35-38-9-2, which was amended effective March 26, 2014, to eliminate the requirement that the petitioner must successfully complete the person's sentence, including any term of supervised release. See I.C. § 35-38-9-2(d) (2014). We disagree. First, this is an issue presented for the first time in Alvey's Petition for Rehearing. See Shepherd v. State, 985 N.E.2d 362, 363 (Ind. Ct. App. 2013) (noting well-established rule that new issues may not be presented for the first time in a petition for rehearing), trans. denied. Moreover, we held in Alden v. State, 10 N.E.3d 1028, 1030-31 (Ind. Ct. App. 2014), that the version of the expungement statute in effect at the time of the time of the filing of the expungement petition is controlling.

However, Alvey's Petition for Rehearing presents another issue which we believe should be addressed. Specifically, Alvey claims that he should not be required to wait three years before being permitted to file another petition to expunge the records of his Class A misdemeanor conviction. The version of Indiana Code section 35-38-9-9 in effect at the time of Alvey's expungement petition provided in part:

> (i)     This subsection applies only to a petition to expunge conviction records filed under sections 2 through 5 of this chapter. This subsection does not apply to a petition to seal arrest records under section 1 of this chapter. *Except as provided in subsection (j), a petitioner may file only one (1) petition for expungement during the petitioner's lifetime.* For

3

purposes of this subsection, all petitions for expungement filed in separate counties for offenses committed in those counties count as one (1) petition if they are filed in one (1) three hundred sixty-five (365) day period.

(j)     A petitioner whose petition for expungement has been denied on the merits, in whole or in part, may file a subsequent petition for expungement with respect to one (1) or more convictions included in the initial expungement petition that were not expunged. *A subsequent petition for expungement may be filed not earlier than three (3) years following the denial of a previous expungement petition.* A subsequent petition for expungement may not include any conviction that was not included in the initial expungement petition.

I.C. § 35-38-9-9 (2013) (emphases added). Thus, under the prior version of the statute, Alvey would have had to wait a period of three years after the denial of his original expungement petition before he would have been permitted to file another expungement petition. Alvey now argues that considerations of public policy and judicial economy should permit him to file another petition to expunge under the current statute without having to wait for three years.

We agree with Alvey that he should not have to wait for three years to file a new petition to expunge, but we need not resort to considerations of public policy or judicial economy. Instead, we consider only the plain language of the now-current version of Indiana Code section 35-38-9-9, which provides in relevant part:

(h)     This subsection applies only to a petition to expunge conviction records filed under sections 2 through 5 of this chapter. This subsection does not apply to a petition to expunge arrest records under section 1 of this chapter. *Except as provided in subsections (i) and (j), a petitioner may file a petition for expungement only one (1) time during the petitioner's lifetime.* For purposes of this subsection, all petitions for expungement filed in separate counties for offenses committed in those counties count as one (1) petition if they are filed in one (1) three hundred sixty-five (365) day period.

4

(i)   A petitioner whose petition for expungement has been denied, in whole or in part, *may* file a subsequent petition for expungement with respect to one (1) or more convictions included in the initial expungement petition that were not expunged. *However, if the petition was denied due to the court's exercise of its discretion under section 4 or 5 of this chapter, a subsequent petition for expungement may be filed only after the elapse of three (3) years from the date on which the previous expungement petition was denied.* Except as provided in subsection (j),[1] [a] subsequent petition for expungement may not include any conviction that was not included in the initial expungement petition.

I.C. § 35-38-9-9 (2014) (emphases added).

Subsection (h) of the current version of Section 9 provides a general rule that a petitioner may file only one petition for expungement during the petitioner's lifetime, but notes that exceptions to this general rule are contained in Subsections (i) and (j). Subsection (i) provides generally that a petitioner whose petition for expungement was denied *may* file a subsequent petition for expungement with respect to a conviction that was included in the original expungement petition, but which was not expunged. Subsection (i) then provides for a three-year waiting period, but only if the original expungement petition was denied due the trial court's exercise of discretion under Indiana Code sections 35-38-9-4 and -5, which govern the expungement of certain felony convictions. Because Alvey's original expungement petition was not denied due to the exercise of the trial court's discretion under sections 4 or 5, the three-year waiting period would be inapplicable to any subsequent expungement petition Alvey might file under the now-current version of Indiana Code section 35-38-9-2.

---

[1] Subsection (j) deals with petitions to expunge convictions that were *not* included in the original expungement petition, and is thus inapplicable here.

In short, the plain and unambiguous language of the new version of Indiana Code section 35-38-9-9 does not contain a three-year waiting period for new petitions unless certain conditions are present, and those conditions do not apply here. Accordingly, we conclude that the three-year waiting period does not apply to any new petition Alvey may file to expunge his Class A misdemeanor conviction under the new, more liberal standards of Indiana Code section 35-38-9-2 (2014). This observation aside, we affirm our original opinion in all respects.

FRIEDLANDER, J., and PYLE, J., concur.