

**FILED**

Mar 10 2015, 10:13 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| Jason L. McAuley<br>Bloomington, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Henry A. Flores, Jr.<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.B.,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | March 10, 2015<br><br>Court of Appeals Case No.<br>53A01-1408-CR-367<br><br>Appeal from the Monroe Circuit<br>Court.<br><br>The Honorable Marc R. Kellams, III,<br>Judge.<br><br>Cause No. 53C02-9910-CM-3901 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Petitioner, J.B., appeals the trial court's Order denying his petition for expungement.

We reverse and remand.[1]

## ISSUE

J.B. raises one issue on appeal, which we restate as follows: Whether the trial court erred in denying his petition to expunge the criminal records relating to his misdemeanor conviction of battery.

## FACTS AND PROCEDURAL HISTORY

On November 18, 1999, during his senior year of college in Bloomington, Indiana, J.B. pled guilty to one Count of battery, a Class A misdemeanor, Ind. Code § 35-42-2-1(a)(1). Pursuant to the terms of J.B.'s plea agreement, the trial court imposed a one-year sentence, suspended to probation. At the sentencing hearing, the trial court explained to J.B. that he could "earn dismissal of [his] conviction" by successfully completing probation and thirty hours of community service. (Tr. p. 9). J.B. fulfilled the terms of his sentence, and on

---

[1] In general, when a trial court grants a petition for expungement, it must subsequently redact the petitioner's name from any appellate decision and submit a copy of the same "to any publisher or organization to whom the opinion or memorandum decision is provided after the date of the order of expungement." Ind. Code § 35-38-9-6(c). Here, for the sake of efficiency, we have elected to refer to the petitioner by initials.

January 3, 2006, he filed an Application for Earned Dismissal with Probation Recommendation, which the trial court granted the same day. The trial court subsequently "order[ed] this cause dismissed without prejudice." (Appellant's App. p. 5).

On June 30, 2014, J.B. filed a Verified Petition to Expunge Records of Conviction, and on July 21, 2014, the State filed its consent thereto. On August 6, 2014, the trial court denied J.B.'s petition. In particular, the trial court found that J.B. did not qualify for expungement pursuant to Indiana Code section 35-38-9-1 because his petition did not include any information "pertaining to an arrest." (Appellant's App. p. 13). On August 12, 2014, J.B. filed a motion to reconsider. He clarified that his expungement petition was filed pursuant to Indiana Code section 35-38-9-2 in order to have the records of his conviction—not arrest—expunged.

On August 21, 2014, the trial court issued its Order, denying J.B.'s motion to reconsider. The trial court explained that because J.B. was granted an earned dismissal, his judgment of conviction was vacated. Thus, the trial court found that "[u]nder the statute, [J.B.] is not eligible for expungement of conviction as there is no conviction to expunge." (Appellant's App. p. 15).

J.B. now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

J.B. claims that the trial court erred in denying his petition for expungement because, notwithstanding the fact that his conviction was ultimately dismissed,

he is entitled to have the corresponding *records* expunged. In response, the State concedes that if dismissed convictions are eligible for expungement, then J.B.'s records should be expunged. However, because Indiana Code section 35-38-9-2 does not contain an "express exception" permitting the expungement of dismissed convictions, the State contends that "the trial court's ruling appears reasonable." (State's Br. p. 5).

## I. *Standard of Review*

[9] J.B.'s appeal presents a question of statutory interpretation. The interpretation of a statute is a question of law, which our court reviews *de novo*. *Taylor v. State*, 7 N.E.3d 362, 365 (Ind. Ct. App. 2014). If "the statutory language is clear and unambiguous[,]" we do not apply any rules of statutory construction. *Id.* Rather, words and phrases will "be given their plain, ordinary, and usual meanings." *Id.* However, where the "statute is susceptible to multiple interpretations, it is deemed ambiguous and open to judicial construction." *Id.*

[10] When construing a statute, we endeavor to give effect to the intent of the General Assembly. *Id.* We presume that the legislature intended the statutory language to "be applied logically and not to bring about an unjust or absurd result." *Alvey v. State*, 10 N.E.3d 1031, 1033 (Ind. Ct. App.), *aff'd on reh'g*, 15 N.E.3d 72 (Ind. Ct. App. 2014). In order to determine and implement the General Assembly's intent, we must consider the statute as a whole, "read[ing] sections of an act together so that no part is rendered meaningless if it can be harmonized with the remainder of the statute." *Id.* In addition to the language

itself, we may look "to the nature and subject matter of the act and the object to be accomplished thereby." *Id.*

## II. *Expungement*

Effective March 26, 2014, Indiana's expungement law provides, in part, that "[n]ot earlier than five (5) years after the date" that a person is convicted of a misdemeanor, he or she

> may petition a court to expunge all conviction records, including records contained in:
> (1) a court's files;
> (2) the files of the department of correction;
> (3) the files of the bureau of motor vehicles; and
> (4) the files of any other person who provided treatment or services to the petitioning person under a court order;
> that relate to the person's misdemeanor conviction.

I.C. § 35-38-9-2(b). Thereafter, if the trial court finds the following by a preponderance of the evidence:

> (1) the period required by this section has elapsed;
> (2) no charges are pending against the person;
> (3) the person has paid all fines, fees, and court costs, and satisfied any restitution obligation placed on the person as part of the sentence; and
> (4) the person has not been convicted of a crime within the previous five (5) years . . . ;
> [then] the court shall order the conviction records . . . expunged in accordance with section 6 of this chapter.

I.C. § 35-38-9-2(d).

Our court has interpreted this statute as "unambiguously requir[ing] expungement when all of the statutory requirements are satisfied." *Taylor*, 7 N.E.3d at 365. In this case, it is undisputed that the requisite amount of time

has passed, that no charges are currently pending against J.B., that J.B. has paid all fees and he satisfactorily completed his probation, and that he has not been convicted of any crimes within the previous five years. Accordingly, the only question before our court is whether the trial court's 2006 dismissal of J.B.'s conviction disqualifies him from having his conviction expunged. We hold that it does not.

[13] J.B. was convicted of Class A misdemeanor battery and sentenced to a one-year term of probation. Following the completion of his sentence, the trial court dismissed J.B.'s conviction. The clear and unequivocal language of the expungement statute permits a person who has been convicted of a misdemeanor—*i.e.*, J.B.—to "petition a court to expunge all conviction *records*." I.C. § 35-38-9-2(b) (emphasis added). As this court has previously indicated, expungement is not an automatic consequence of dismissal. *Zagorac v. State*, 943 N.E.2d 384, 391 (Ind. Ct. App. 2011), *reh'g denied*. Accordingly, by simply dismissing J.B.'s judgment of conviction, the trial court did nothing to purge the records of the court and other agencies that relate to that conviction.

[14] Indiana courts have long recognized the stigma associated with having a criminal conviction. It "is a stigma that follows [a person] through life, creating many roadblocks to rehabilitation." *Taylor*, 7 N.E.3d at 366. Accordingly, the General Assembly "intended to give individuals who have been convicted of certain crimes a second chance by not experiencing many of the stigmas associated with a criminal conviction—especially where an individual has

completed the requirements established by the trial court and has since been a law-abiding citizen." *Id.* at 367.

[15] In furtherance of this policy objective, a related section of the expungement statute states that when a petitioner satisfies the criteria for expungement, the trial court must order the department of correction, the bureau of motor vehicles, and other law enforcement agencies and individuals "to prohibit the release of the person's records or information in the person's records to anyone without a court order, other than a law enforcement officer acting in the course of the officer's official duty." I.C. § 35-38-9-6(a)(1). In addition, the trial court must order the State Police Department to seal the expunged conviction records maintained in the central repository for criminal history information. I.C. § 35-38-9-6(a)(2). Thereafter, these sealed records may only be disclosed to a prosecuting attorney, defense attorney, probation department, the FBI or other similar entity under authority of a court order and only if needed to carry out official duties. I.C. § 35-38-9-6(a)(2). However, any records maintained by the sentencing court, juvenile court, or appellate court "concerning the person shall be permanently sealed." I.C. § 35-38-9-6(b). Considering the statute as a whole, it is evident that the General Assembly intended to eliminate the stigma of a criminal conviction by sealing off the paper trail establishing that there ever was a conviction.

[16] Although our court has not yet addressed the issue of a post-conviction dismissal under the current expungement statute, in *State v. Bergman*, 558 N.E.2d 1111, 1112 (Ind. Ct. App. 1990), we considered expungement in the

context of a post-conviction gubernatorial pardon. In *Bergman*, following his pardon, the petitioner was granted an expungement of his conviction record, which the State challenged. *Id.* at 1112-13. Similar to the present case, the expungement statute then in-force[2] was silent regarding the expungement of records when there has been a post-conviction pardon. *Id.* at 1113. Nevertheless, because a pardon effectively "blots out of existence the guilt," we determined that expunging the record of Bergman's conviction was necessary in order to implement the executive mandate to "clear his name." *Id.* at 1113-14 (quoting *Kelley v. State*, 185 N.E. 453, 458 (Ind. 1933)). Likewise, we find that the dismissal of J.B.'s conviction would be meaningless if the records concerning that conviction were to remain accessible, and we cannot conclude that the General Assembly would have intended such a result. Accordingly, we remand with instructions for the trial court to order the conviction records described in Indiana Code section 35-38-9-2(b) to be expunged in accordance with Indiana Code section 35-38-9-6.

---

[2] At the time of the *Bergman* decision, the expungement statute provided that criminal arrest records could be expunged whenever "(1) an individual is arrested but no criminal charges are filed against him; or (2) all criminal charges filed against an individual are dropped because: (A) of a mistaken identity; (B) no offense was in fact committed; or (C) there was an absence of probable cause." I.C. § 35-38-5-1(a) (1988), *repealed by* Ind. Pub. L. 181-2014, § 3 (now codified at I.C. ch. 35-38-9).

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred in denying J.B.'s petition to have the records relating to his misdemeanor criminal conviction expunged.

Reversed and remanded.

Vaidik, C.J. and Baker, J. concur