

**FILED**

Jun 26 2015, 7:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Darrell E. Felling II
Felling & Felling Law Office
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sabrina Y. Dada,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

June 26, 2015

Court of Appeals Case No.
53A01-1501-CR-33

Appeal from the Monroe Circuit
Court.
The Honorable Kenneth G. Todd,
Judge.
Cause No. 53C03-0709-CM-3877

**Baker, Judge.**

[1] Sabrina Dada appeals the trial court's denial of her petition to expunge the records of a 2007 summons for a charge of class C misdemeanor illegal consumption of an alcoholic beverage. The trial court denied Dada's petition because she had been summonsed rather than arrested. Finding that Dada is entitled to relief, we reverse and remand with instructions to expunge the relevant records.

## Facts

[2] On August 24, 2007, Dada was issued a summons for class C misdemeanor illegal consumption of an alcoholic beverage. Pursuant to a pretrial diversion agreement, the charge was dismissed on October 15, 2013.

[3] On July 22, 2014, Dada filed a petition to expunge the records related to the dismissed class C misdemeanor charge. The State consented to the expungement, but the trial court summarily denied the petition on October 24, 2014, noting that Dada had not been arrested. Dada now appeals.

## Discussion and Decision

[4] This appeal requires us to interpret a statute. We apply a de novo standard of review to statutory interpretation, with a goal of determining and giving effect to the intent of the legislature. *Trout v. State*, 28 N.E.3d 267, 271 (Ind. Ct. App. 2015).

[5] Indiana Code section 35-38-9-1 governs the expungement of records related to criminal charges that did not result in a conviction. It applies "only to a person

who has been arrested[.]" I.C. § 35-38-9-1(a). The trial court reasoned that because Dada was never actually arrested, she is not entitled to the relief she seeks.

[6] We cannot conclude that the legislature intended for this result to be reached, inasmuch as it would offer relief to more problematic offenders and deny relief to more compliant ones. In other words, as Dada astutely points out, "if this line of reasoning is followed, it will create an unjust result for those individuals that may be non-threatening and compliant with an officer and are only issued a summons as opposed to being formally placed under arrest." Appellant's Br. p. 7. And indeed, the General Assembly has recognized that the statute as written may lead to unjust results. The statute has been amended to read that it "applies only to a person who has been arrested, *charged with an offense*, or alleged to be a delinquent child." I.C. § 35-38-9-1(a) (effective date of July 1, 2015) (emphasis added).

[7] This Court has commented on the fact that "Indiana courts have long recognized the stigma associated with having a criminal conviction." *J.B. v. State*, 27 N.E.3d 336, 339 (Ind. Ct. App. 2015). Likewise, there is a stigma associated with past criminal charges, whether or not the individual was arrested. The State concedes that this Court, "when faced with a similar circumstances under Indiana Code Section 35-38-9-2 (Expungement of Misdemeanor Convictions), has held that a petitioner was entitled to expunge records relating to a conviction, even though the conviction had been dismissed and there was no conviction to expunge." Appellee's Br. p. 5 (citing *J.B.*, 27

N.E.3d 336). The State also emphasizes that it agreed below that Dada was entitled to relief.

[8] As in *J.B.*, we find that Dada is entitled to relief. She was charged with a criminal offense that was eventually dismissed, and the fact that she was not formally arrested does not vitiate her right to expungement of the records related to this incident.

[9] The judgment of the trial court is reversed and remanded with instructions to expunge the relevant records.

Friedlander, J., and Bailey, J., concur.