BARNES, Judge,
dissenting. ¡
I respectfully dissent. I certainly understand, as the majority recognizes, that the overarching purpose of the ex-pungement statutes is to remove “stigmas” associated with- criminal convictions and to allow a fresh start for persons who meet the statutory requirements. J.B. v. State, 27 N.E.3d 336, 339 (Ind.Ct.App.2015). However, I do not believe we are free to add language to- the statutes to permit the expungement of records related to civil forfeitures.
First, although the majority does not find the distinction to be relevant, it is well settled that forfeiture proceedings such as the one D.A. seeks to have expunged are civil- in nature, not punitive or criminal. See, e.g., Katner v. State, 655 N.E.2d 345, 348 (Ind.1995). Indeed, it is possible for a forfeiture to occur even if the person whose property is forfeited has never been convicted or even charged with a crime. Serrano v. State, 946 N.E.2d 1139, 1141- (Ind.2011). What that means for purposes of this case is that, if D.A. had never been convicted of a crime but merely had his property forfeited, there is no possible basis upon which he could have sought expungement- of the forfeiture records. In other words, a person who is subject to only forfeiture has no right to expungement, while a person who is also convicted of a related crime is entitled to expungement under the majority’s holding. It does not seem fair or equitable to me that a person also convicted of a crime is entitled to.preferential treatment over a person who is not convicted of a crime.
Second, I note the general rule of statutory construction, “expressio unius est exclusio alterius,” which means that the enumeration of certain things in a statute implies the exclusion of all other things. Brown v. State, 774 N.E.2d 1001, 1006 (Ind.Ct.App.2002), trans. denied. Although not cohclusive, it cari be a useful aid in discerning legislative intent. . Id. The expungement statutes' were first enacted in 2013 and represented a sea change in Indiana criminal law. ' They have been amended' twice since then.’ I presume the legislature carefully considered these statutes. At no time did it see fit tó inchide forfeiture proceedings within the enumerated list of records subject to expungement, which expressly includes Department of Correction, Bureau of Motor Vehicles, and treatment records. I believe we should not add civil forfeitures to the list of records to be expunged by judicial action. If the legislature chooses to act on civil forfeitures, so be it.
*589 Finally, I believe it is appropriate to consider the practical effect of expungement. As noted by the majority, despite arguments by D.A. to the contrary in his reply brief and at oral argument, the trial court addressed his expungement request as falling under Indiana Code Section 35-38-9-4. An expungement under this section does not result in sealing- of the conviction records; instead, they remain public records. Ind.Code § 35-38-9-7(b). Thus, the fact of D.A.’s conviction will remain readily available to the public. Even if a conviction record is sealed under Indiana Code Section 35-38-9-6, in this day and age it will be practically impossible to prevent internet access to a-person’s criminal record. In other words, the ex-pungement cannot as a practical matter literally wipe a person’s slate clean in the eyes of an intrusive and technologically-sawy public. The effect "of expungement, despite this public access and knowledge, comes through Indiana Code Section 35-38-9-10, which prohibits discrimination against someone based on an expunged criminal conviction. D.A. is entitled .to this protection, regardless of whether his civil forfeiture record is expunged. I conclude he has received all the protection to which he is entitled by expungement of records directly related to his conviction and that he is not additionally entitled to expungement of the civil forfeiture judgment. These statutes, in my view, promise the erasure of a conviction, not anonymity and not more than the statutory language speaks to.
For these reasons, I. dissent and vote to affirm the trial court.