FILED

Oct 19 2016, 6:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| T.A., <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | October 19, 2016 <br><br> Court of Appeals Case No. <br> 49A04-1602-JV-368 <br><br> Appeal from Marion Superior Court. <br> The Honorable Marilyn A. Moores, Judge. <br> The Honorable Geoffrey A. Gaither, Magistrate. <br> Cause Nos. 49D09-1210-JD-2749 <br> 49D09-1301-JD-40 <br> 49D09-1304-JD-1004 <br> 49D09-1305-JD-1375 <br> 49D09-1512-JM-1024 <br> 49D09-1512-JM-1025 |

**Barteau, Senior Judge**

## Statement of the Case

[1]  T.A. appeals the juvenile court's denial of his petitions for expungement in six juvenile proceedings. We reverse and remand with instructions.

# Issue

T.A. raises one question of law, which we restate as: whether the juvenile court erred in denying his petition for expungement.

# Facts and Procedural History

T.A. has had numerous brushes with the juvenile justice system, resulting in multiple cases. The State dismissed one of the cases, JD-2749, in 2012, and dismissed three more, JD-40, JD-1004, and JD-1375, in 2013. Two other cases, JM-1024 and JM-1025, arose from arrests of T.A. in 2008 and 2009, but the State declined to file formal delinquency petitions.

On December 3, 2015, T.A., who is now an adult, filed a petition for expungement. In the petition, T.A. asked the juvenile court to expunge his records from the six cause numbers referenced above. The State did not file a written response to the petition. The juvenile court issued a scheduling order on January 5, 2016, setting a hearing for January 26, 2016.

It is undisputed that, at the time T.A. filed his petition, he did not have any pending criminal charges. It is further undisputed that, after T.A. filed his petition but before the January 26, 2016 hearing, the State filed an unspecified criminal charge against him. After the hearing, the juvenile court denied T.A.'s petition in its entirety. This appeal followed.

# Discussion and Decision

[6] T.A. argues the juvenile court should have immediately granted his petition for expungement because he met all of the statutory requirements on the date he filed the petition. The State responds that the juvenile court did not err because T.A. had a pending criminal charge at the time of the hearing and because the State has an interest in maintaining access to all of T.A.'s records.

[7] There are no disputes of fact. Instead, the parties present questions of statutory interpretation. We review questions of law de novo. *Dada v. State*, 39 N.E.3d 686, 687 (Ind. Ct. App. 2015). If the statutory language is clear and unambiguous, we refrain from applying rules of statutory instruction and instead give the words of the statute their plain and ordinary meaning. *J.B. v. State*, 27 N.E.3d 336, 338 (Ind. Ct. App. 2015).

[8] When the language in a statute is susceptible to multiple interpretations, it is deemed ambiguous and open to judicial construction. *Taylor v. State*, 7 N.E.3d 362, 365 (Ind. Ct. App. 2014). We read portions of a statute and portions of an act together so that no part is rendered meaningless but is instead harmonized with the remainder of the statute or act. *See id.*

[9] The governing statute provides, in relevant part:

> (a) This section applies only to a person who has been arrested, charged with an offense, or alleged to be a delinquent child, if:
> (1) the arrest, criminal charge, or juvenile delinquency allegation:
> (A) did not result in a conviction or juvenile adjudication; or

(B) resulted in a conviction or juvenile adjudication and the conviction or adjudication was vacated on appeal; and

(2) the person is not currently participating in a pretrial diversion program.

(b) Not earlier than one (1) year after the date of arrest, criminal charge, or juvenile delinquency allegation (whichever is later), if the person was not convicted or adjudicated a delinquent child, or the date of the opinion vacating the conviction or adjudication becomes final (unless the prosecuting attorney agrees in writing to an earlier time), the person may petition the court for expungement of the records related to the arrest, criminal charge, or juvenile delinquency allegation.

(c) A petition for expungement of records must be verified and filed in a circuit or superior court in the county where the criminal charges or juvenile delinquency allegation was filed, or if no criminal charges or juvenile delinquency allegation was filed, in the county where the arrest occurred. The petition must set forth:

(1) the date of the arrest, criminal charges, or juvenile delinquency allegation, and conviction (if applicable);

(2) the county in which the arrest occurred, the county in which the information or indictment was filed, and the county in which the juvenile delinquency allegation was filed, if applicable;

(3) the law enforcement agency employing the arresting officer, if known;

(4) the court in which the criminal charges or juvenile delinquency allegation was filed, if applicable;

(5) any other known identifying information, such as:

(A) the name of the arresting officer;

(B) case number or court cause number;

(C) any aliases or other names used by the petitioner;

(D) the petitioner's driver's license number; and

(E) a list of each criminal charge and its disposition, if applicable;

(6) the date of the petitioner's birth; and

(7) the petitioner's Social Security number.

A person who files a petition under this section is not required to pay a filing fee.

(d) The court shall serve a copy of the petition on the prosecuting attorney.

(e) Upon receipt of a petition for expungement, the court:

(1) may summarily deny the petition if the petition does not meet the requirements of this section, or if the statements contained in the petition indicate that the petitioner is not entitled to relief; and

(2) shall grant the petition unless:

(A) the conditions described in subsection (a) have not been met; or

(B) criminal charges are pending against the person.

Ind. Code § 35-38-9-1 (2015).

[10] T.A. claims that according to the plain language of subsection (e), the juvenile court was required to act on his petition immediately without scheduling a hearing. We disagree. A companion statute on petitions for expungement, Indiana Code section 35-38-9-9(a) (2015), provides, in relevant part, "If the prosecuting attorney does not object . . . the court *may* grant the petition for expungement without a hearing." (emphasis added). Use of the word "may" ordinarily implies a permissive condition and a grant of discretion. *Key v. State*, 48 N.E.3d 333, 337 (Ind. Ct. App. 2015). If we were to read the phrase "Upon receipt of a petition for expungement," as set forth in Indiana Code section 35-38-9-1(e), to require courts to immediately act upon petitions without

scheduling a hearing, then Indiana Code section 35-38-9-9(a) would be rendered meaningless as applied to petitions filed under Indiana Code section 35-38-9-1. We are required to read sections of an act in a manner that harmonizes them.

[11] Furthermore, Indiana Code section 35-38-9-1(d) requires a petitioner to serve a copy of the petition on the prosecutor, and Indiana Code section 35-38-9-9(c) permits the prosecutor to file a written objection within an unspecified period of time.[1] Thus, the State must be given an opportunity to respond to a petition for expungement, which further weighs against reading Indiana Code section 35-38-9-1(e) as requiring courts to act upon a petition for expungement immediately when it is filed.

[12] Finally, Indiana Code section 35-38-9-1(e) requires a court to deny a petition if the petitioner has pending criminal charges, but that statute does not explicitly require a petitioner to disclose pending charges in his or her petition. It is difficult to discern how a court could learn of pending charges unless the State is permitted time to file an objection or the court is permitted to schedule a hearing, even if the State does not object. Based upon the language of these statutes, we conclude the juvenile court in this case was authorized to schedule

---

[1] Neither statute sets a deadline for the prosecutor to respond to a petition filed pursuant to Indiana Code section 35-38-9-1. By contrast, when a person files a petition to expunge a misdemeanor or felony conviction, the prosecuting attorney has thirty (30) days to file a response. Ind. Code § 35-38-9-8(g) (2015).

a hearing even though the State failed to file a written objection to T.A.'s petition.

[13] Next, T.A. argues that pursuant to the plain language of the statute, the trial court should have granted the petition because T.A. did not have any pending charges when he filed it. The State responds that, pursuant to statute, the juvenile court was permitted to consider T.A.'s post-petition criminal charge.

[14] Indiana Code section 35-38-9-1(e) states, in relevant part: "Upon receipt of a petition for expungement, the court . . . shall grant the petition unless . . . criminal charges are pending against the person." The use of the word "shall" "is construed as 'mandatory language creating a statutory right to a particular outcome after certain conditions are met.'" *Taylor*, 7 N.E.3d at 365 (quoting *Alden v. State*, 983 N.E.2d 186, 189 (Ind. Ct. App. 2013), *trans. denied*). The use of the phrase "upon receipt" establishes that, for purposes of determining whether a petition meets the statutory requirements, the crucial time frame is when the petition was filed, rather than a later date.

[15] The State asserts it would be absurd for the trial court to be allowed to schedule a hearing but disallowed from considering criminal charges that were filed after the petitioner filed the petition for expungement. However, the plain language of section 35-38-9-1(e), as applied to the consideration of whether a petition meets the requirements for expungement, does not contradict any other portion of the statute or the act as a whole. As a result, we must apply the plain language of the statute without recourse to the rules of statutory construction,

and we will not read into the statute "a legislative intent other than that which is clearly stated." *Trout v. State*, 28 N.E.3d 267, 271 (Ind. Ct. App. 2015). We conclude the court should have determined whether there was a pending criminal charge at the time the petition was filed, as opposed to a later date. As a result, the court erred here in considering T.A.'s post-filing criminal charge. *See id.* at 272 (trial court that denied petition for expungement erred in considering evidence of another violent act by petitioner that did not result in a conviction, even though the petitioner did not deny committing the act). The State does not claim that T.A.'s petition violated any other provisions of Indiana Code section 35-38-9-1. We must reverse the denial of the petition.

# Conclusion

For the reasons stated above, we reverse the juvenile court's judgment and remand with instructions to grant the petition.

Affirmed.

May, J., and Robb, J., concur.