

FILED

Mar 05 2018, 9:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re: The Petition for Expungement of the Conviction Records of: | March 5, 2018 |
| B.S., | Court of Appeals Case No. 02A05-1710-XP-2262 |
| *Appellant-Petitioner,* | Appeal from the Allen Superior Court |
| v. | The Honorable Frances C. Gull, Judge |
| State of Indiana, | The Honorable Jason Custer, Magistrate |
| *Appellee-Respondent* | Trial Court Cause No. 02D05-1704-XP-152 |

**May, Judge.**

[1]  B.S. appeals the partial denial of his petition for expungement. Pursuant to Indiana Code section 35-38-9-1, the trial court granted expungement of the records from the criminal cause number under which B.S. was convicted, but

the court denied B.S.'s request to expunge all the records from the post-conviction cause number in which B.S.'s underlying conviction was vacated. As the post-conviction relief records should also have been expunged under Indiana Code section 35-38-9-1, we reverse the trial court's denial of that portion of B.S.'s petition and remand with instructions.

# Facts and Procedural History

On April 24, 2001, B.S. was convicted of a Class A misdemeanor. Thereafter, B.S. filed a petition for post-conviction relief ("PCR").[1] The court granted his petition on August 30, 2010:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the judgment and conviction entered against the Defendant, [B.S.], on [April 24, 2001]; for the offense of Class [A] MISDEMEANOR, [ ], shall be set aside and vacated.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Allen Clerk of Court shall forthwith expunge from the Defendant's arrest record the judgment and conviction referred to herein above in Cause No. [ ].

(Confidential. App. Vol. II at 23).[2]

---

[1] The record before us contains no indication of the grounds on which B.S. challenged his conviction or on which the trial court granted of his petition for post-conviction relief.

[2] As noted by the State, this order appears to include scrivener's errors pertaining to the date and Class of B.S.'s conviction.

[3]     On April 27, 2017, B.S. filed a petition for expungement of all records related to his Class A misdemeanor conviction. The State did not object to his petition. On July 5, 2017, B.S. amended his petition to request the records from his PCR case also be sealed. On September 7, 2017, the trial court granted B.S.'s petition as to the records from the cause number of his conviction, but denied expungement of the PCR records because "such causes are not covered under Indiana Code § 35-38-9 *et seq*." (*Id*. at 29.)

## Discussion and Decision

[4]     B.S. contends the trial court erred by not expunging his PCR records. As the trial court found expungement of his PCR records was not permitted under the expungement statutes, the issue we face is one of statutory interpretation. We have not yet examined the most recently-enacted expungement statute, making this an issue of first impression. *See* Ind. Code § 35-38-9 *et seq.* (2015) (current expungement statutes enacted July 1, 2013 and revised effective July 1, 2015).

[5]     Construction of a statute is a question of law, which we review *de novo*. *Day v. State*, 57 N.E.3d 809, 811 (Ind. 2016).

> The first step in interpreting a statute is to determine whether the Legislature has spoken clearly and unambiguously on the point in question. When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Clear and unambiguous statutes leave no room for judicial construction. However when a statute is susceptible to more than one interpretation it is deemed ambiguous and thus

open to judicial construction. And when faced with an ambiguous statute, other well-established rules of statutory construction are applicable. One such rule is that our primary goal of statutory construction is to determine, give effect to, and implement the intent of the Legislature. To effectuate legislative intent, we read the sections of an act together in order that no part is rendered meaningless if it can be harmonized with the remainder of the statute. We also examine the statute as a whole. And we do not presume that the Legislature intended language used in a statute to be applied illogically or to bring about an unjust or absurd result.

*City of Carmel v. Steele,* 865 N.E.2d 612, 618 (Ind. 2007) (internal citations omitted).

[6] The trial court's order found B.S.'s "conviction records . . . shall be expunged in accordance with I.C. 35-38-9-1." (Conf. App. Vol. II at 28-29.) Expungement under Indiana Code section 35-38-9-1

applies only to a person who has been arrested, charged with an offense, or alleged to be a delinquent child, if:

(1) the arrest, criminal charge, or juvenile delinquency allegation:

(A) did not result in a conviction or juvenile adjudication; or

(B) resulted in a conviction or juvenile adjudication and the conviction or adjudication was vacated on appeal . . .

Additionally, for Indiana Code section 35-38-9-1 to apply, the applicant must fulfill certain requirements as to timing and placement of the filing together

with other identifying information.  The State concedes that B.S. fulfilled these requirements; thus, we move to addressing the relief to which he is entitled.[3]

[7]     If relief is granted pursuant to Indiana Code section 35-38-9-1, then:

> (1) no information concerning the arrest, criminal charges, juvenile delinquency allegation, vacated conviction, or vacated juvenile delinquency adjudication may be placed or retained in any state central repository for criminal history information or in any other alphabetically arranged criminal history information system maintained by a local, regional, or statewide law enforcement agency;
>
> (2) the clerk of the supreme court shall seal or redact any records in the clerk's possession that relate to the arrest, criminal charges, juvenile delinquency allegation, vacated conviction, or vacated juvenile delinquency adjudication;
>
> (3) the records of:
>
>> (A) the sentencing court;
>>
>> (B) a juvenile court;

---

[3] The State also agrees B.S.'s PCR records should have been expunged, but the State so concedes under Indiana Code section 35-38-9-2, which states the "records contained in [various files] that relate to the person's misdemeanor conviction" will be expunged.  However, the relief provided if an expungement is granted under Indiana Code sections 35-38-9-2 & 3 is limited.  For example, after expungement under those sections, records still may be released with a court order or to a law enforcement officer acting in his or her official duty.  Ind. Code § 35-38-9-6(a)(1) (2016).  Such exceptions do not exist for records expunged under Indiana Code section 35-38-9-1.  As B.S. qualified for expungement under section 1, which provides more complete relief, we determine the scope of the relief granted by section 1.

(C) a court of appeals; and

(D) the supreme court;

concerning the person shall be redacted or permanently sealed; and

(4) with respect to the records of a person who is named as an appellant or an appellee in an opinion or memorandum decision by the supreme court or the court of appeals, the court shall:

(A) redact the opinion or memorandum decision as it appears on the computer gateway administered by the office of technology so that it does not include the petitioner's name (in the same manner that opinions involving juveniles are redacted); and

(B) provide a redacted copy of the opinion to any publisher or organization to whom the opinion or memorandum decision is provided after the date of the order of expungement.

The supreme court and the court of appeals are not required to redact, destroy, or otherwise dispose of any existing copy of an opinion or memorandum decision that includes the petitioner's name.

Ind. Code § 35-38-9-1(f) (2015).

[8] Herein, the trial court found the PCR records could not be expunged because "such causes are not covered under Indiana Code § 35-38-9 *et seq.*" (Confidential App. Vol. II at 29.) However, Indiana Code section 35-38-9-1

states "*no information*" regarding expunged cases shall be maintained in various state information systems, I.C. § 35-38-9-1(f) (emphasis added), and "*any records*" shall be sealed or redacted. *Id*. (emphasis added). B.S. argues that, as the final result of a vacation of a conviction from a PCR case is the same as the final result of a vacation from a direct appeal, the trial court should have expunged his PCR case and sealed those records accordingly. The PCR proceedings, although under a separate cause number, necessarily include information and records of the conviction from which a petitioner is seeking expungement relief. Thus, we must determine the scope of the legislature's intent.

[9] Three years ago, our court was asked to determine the scope of relief the General Assembly intended to grant under Indiana Code section 35-38-9-2. *J.B. v. State*, 558 N.E.3d 336 (Ind. Ct. App. 2015). J.B. requested the expungement of a dismissed case, but the trial court denied the request. After reviewing the intent behind the statute, which we said was to allow individuals who qualify to escape the stigma of a criminal conviction, we held that to not seal the records of the dismissed case would frustrate the intent of the General Assembly because J.B.'s conviction was still accessible. *Id*. at 340. Thus, we held, under Indiana Code section 35-38-9-2, the phrase "any records maintained by the sentencing court, juvenile court, or appellate court" included the records of dismissed cases. *Id.*; *see also State v. Bergman*, 558 N.E.2d 1111, 1112 (Ind. Ct. App. 1990) (expungement of conviction required after Bergman received a post-conviction gubernatorial pardon because the intent behind the

pardon was to "enhance [Bergman's] career opportunities and *to clear his name*")
(emphasis in original).

[10] Here, the intent and the policy underlying Indiana Code section 35-38-9-1 are the same as the intent and policy analyzed in *J.B.*, *i.e.*, expungement allows an individual, who satisfies certain criteria, to escape the stigma of a criminal conviction by "sealing off the paper trail establishing that there ever was a conviction." *J.B.*, 558 N.E.3d at 340. B.S., because he qualifies for expungement under the statute, is able to escape the stigma of his now-overturned criminal conviction; however, in order to do so, all records pertaining to that conviction must be sealed. This includes, by necessity, the PCR case wherein that criminal conviction was vacated. To accept the trial court's contention PCR records are not included in the expungement statute would thwart the intent of the legislature. *See id.* (if dismissed cases not included in expungement, the expungement is "meaningless") Accordingly, we must reverse the trial court's partial denial of B.S. petition for expungement and remand for the court to enter an order expunging the records from B.S.'s underlying criminal cause number and from his post-conviction cause number in accordance with Indiana Code section 35-38-9-1.

# Conclusion

[11] Although the expungement statute does not specifically mention PCR records, the intent behind the statute is to allow the petitioner to return to his or her former state without stigma. Therefore, we reverse the trial court's partial

denial of B.S.'s petition and remand for the trial court to issue a new order in accordance with this opinion.

[12] Reversed in part and remanded with instructions.

Vaidik, C.J., and Altice, J., concur.