

**FILED**

Mar 09 2016, 8:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

David Lee Marshall,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 9, 2016

Court of Appeals Case No.
20A03-1507-MI-973

Appeal from the Elkhart Superior
Court

The Honorable Evan S. Roberts,
Judge

Trial Court Cause No.
20D01-1501-MI-004

**Bailey, Judge.**

# Case Summary

[1] David Lee Marshall ("Marshall") appeals the trial court's order denying his petition for expungement of Class D felony and misdemeanor records. He presents the sole issue of whether he was entitled to expungement because he had no subsequent criminal convictions, despite his admission, as a requirement of a pretrial diversion program, to committing another crime. We affirm.

# Facts and Procedural History

[2] In 1992, Marshall was convicted of Criminal Recklessness and Operating While Intoxicated, as misdemeanors. In 1995, he was convicted of Operating While Intoxicated, as a misdemeanor. In 1999, he was convicted of Operating While Intoxicated, as a Class D felony. In 2002, he was convicted of misdemeanor battery and he pled guilty to Public Intoxication, a Class B misdemeanor. In 2004, he was found guilty of misdemeanor Battery. In 2005, he was again convicted of misdemeanor Operating While Intoxicated and Public Intoxication. In 2006, he pled guilty to a second felony, Operating While Intoxicated.

[3] On April 26, 2013, Marshall was charged with Operating a Vehicle as a Habitual Traffic Violator, a Class D felony. On September 4, 2013, the State added an additional count: Driving While Suspended, a Class A misdemeanor. On September 13, 2013, Marshall signed a pre-trial diversion agreement

admitting that he had committed the offense of Driving While Suspended. The charges were dismissed upon Marshall's completion of the pre-trial diversion program.

[4] On January 9, 2015, Marshall filed his "Verified Petition for Expungement of Records of Misdemeanor Convictions Under I.C. 35-38-9-2 and Minor Class D or Level 6 felony Convictions under I.C. 35-38-9-3." (App. at 44.) The State opposed the petition, contending that Marshall had not remained crime-free during the requisite period of time for expungement.

[5] On May 14, 2015, the trial court conducted a hearing on the expungement petition. The petition was denied on June 30, 2015, the trial court having concluded that Marshall had committed a crime in 2013. This appeal ensued.

# Discussion and Decision

[6] Marshall argues that the trial court erroneously denied his petition for expungement because he met the statutory requirements under Indiana Code Sections 35-38-9-3 (Class D or Level 6 felony) and 35-38-9-2 (misdemeanor) and he is entitled to expungement upon satisfaction of the statutory requirements. The State responds that, despite the lack of a criminal conviction, the trial court properly considered the mandate of Indiana Code Section 35-38-9-9(d), requiring the petitioner to prove that the facts alleged in the verified petition were true, among them an affirmation that he had "not

committed another crime within the period required for expungement."[1]  I.C. §
35-38-9-8(b)(6).

[7]  The issue of whether Marshall's admission to committing a crime precludes
expungement presents a question of statutory interpretation.  We are thus
presented with a question of law, which is reviewed de novo.  *J.B. v. State*, 27
N.E.3d 336, 338 (Ind. Ct. App. 2015).  If the statute is clear and unambiguous,
we give words their plain, ordinary, and usual meanings.  *Id.*  If, however, the
statute is susceptible to multiple interpretations, it is deemed ambiguous and
open to judicial construction.  *Id.*  In construing a statute, we presume that the
General Assembly intended its language to be applied logically and so as not to
cause an unjust or absurd result.  *Id.*  We consider the statute as a whole and
attempt to harmonize the provisions.  *Id.*  In so doing, we read sections of an act
together to prevent a part from being rendered meaningless.  *Id.*  We may
additionally look to the subject matter of the act and its objectives.  *Id.*

[8]  At the time Marshall filed his petition,[2] Indiana's expungement law provided, in
part, that "[n]ot earlier than eight (8) years after the date of conviction," a

---

[1] The petitioner was further required to allege that "no criminal investigation" was pending.  I.C. § 35-38-9-8-
(b)(5).

[2] At all times, we refer to and apply the version in effect at the time Marshall's petition was filed, January 9,
2015.  *See Trout v. State*, 28 N.E.3d 267, 269 n.2 (Ind. Ct. App. 2015) (citing *Alvey v. State*, 15 N.E.3d 72, 74
(Ind. Ct. App. 2014) for the rule that the version of the expungement statute in effect when the petition is
filed is controlling); *Wall v. Plummer*, 13 N.E.3d 420, 422 n.2 (Ind. Ct. App. 2014) (applying the version in
effect at the time the petition was filed).

person convicted of a Class D felony or Level 6 felony could petition a court to expunge all conviction records, including records contained in:

> (1) a court's files;

> (2) the files of the department of correction;

> (3) the files of the bureau of motor vehicles; and

> (4) the files of any other person who provided treatment or services to the petitioning person under a court order;

> that relate to the person's Class D or Level 6 felony conviction.

I.C. § 35-38-9-3(c).

[9] Similarly, Indiana Code Section 35-38-9-2(b) provided that, "[n]ot earlier than five (5) years after the date of conviction," a person convicted of a misdemeanor could seek expungement of all conviction records.

[10] When the petitioner sought to have Class D or Level 6 felony records expunged, he or she was required to establish, by a preponderance of the evidence:

> (1) the period required by this section has elapsed;

> (2) no charges are pending against the person;

> (3) the person has paid all fines, fees, and court costs, and satisfied any restitution obligation placed on the person as part of the sentence; and

> (4) the person has not been convicted of a crime within the previous eight (8) years (or within a shorter period agreed to by the prosecuting attorney if the prosecuting attorney has consented to a shorter period under subsection (c)[.]

I.C. § 35-38-9-3(e). A petitioner seeking to have misdemeanor records expunged had a like burden of proof, except that the period of time without a conviction was five years. I.C. § 35-38-9-2(d).

[11] The felony and misdemeanor expungement statutes directed that the trial court "shall" order the conviction records expunged if the trial court found that the requisite burden of proof had been satisfied. I.C. §§ 35-38-9-3(d), 35-38-9-2(d). The use of the word "shall" is construed as mandatory language, that which creates a statutory right to a particular outcome after certain conditions are met. *Taylor v. State*, 7 N.E.3d 362, 365 (Ind. Ct. App. 2014). There is no dispute that Marshall has shown the requisite lapse of time, the absence of pending charges, the satisfaction of obligations, and the lack of a new criminal conviction in the relevant time frame. Thus, in isolation, Indiana Code Sections 35-38-9-3(d) and 35-38-9-2(d) would require expungement.

[12] However, we consider the expungement statutes as a whole. *J.B.*, 27 N.E.3d at 338. We may not simply delete those provision that required Marshall to allege and then prove by a preponderance of the evidence that he had not committed another crime. Marshall's mere allegation that he had not committed another

crime does not satisfy his burden. Although Marshall has not been convicted of a new crime, he has, by his own admission in diversionary proceedings, committed a new crime.

[13] Although the expungement statutes in some instances refer to a conviction and in another instance refer to commission of crime, the overall objective is clear: our legislature intended to provide assistance to those who remained law-abiding. *Cf. Taylor*, which, although it did not involve resolution of conflicting statutory language as in the instant case, discussed the overall public policy of the expungement statutes:

> The legislature intended to give individuals who have been convicted of certain crimes a second chance by not experiencing many of the stigmas associated with a criminal conviction – especially where an individual has completed the requirements established by the trial court and *has since been a law-abiding citizen*.

*Taylor*, 7 N.E.3d at 367 (emphasis added). Similarly, in *Alvey v. State*, 10 N.E.3d 1031, 1034 (Ind. Ct. App. 2014), wherein the petitioner had admitted to probation violations, the court opined that the intent of the General Assembly "was to allow those persons who had successfully completed their sentences *without incident* to petition the court after the passage of a certain amount of time … to expunge the records of their conviction."

[14] Expunging records where one has admitted to engaging in criminal activity does not further the policy objective of assistance to one who has paid his societal dues without incident. The trial court could properly find, based upon

Marshall's own admission, that he had committed a crime in the relevant time period and was not entitled to the requested relief.

# Conclusion

The trial court did not err in denying Marshall's petition to have the records relating to his felony and misdemeanor convictions expunged.

Affirmed.

Vaidik, C.J., and Crone, J., concur.