**FILED**

Sep 06 2019, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Mark D. Altenhof
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Naveed Gulzar,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

September 6, 2019

Court of Appeals Case No.
19A-XP-637

Appeal from the Elkhart Superior
Court

The Honorable Charles C. Wicks,
Judge

Trial Court Cause No.
20D05-1811-XP-76

**Crone, Judge.**

## Case Summary

[1]     In April 2006, Naveed Gulzar was convicted of class D felony theft. In August 2016, his class D felony conviction was converted to a class A misdemeanor conviction. In November 2018, Gulzar filed a petition pursuant to Indiana

Code Section 35-38-9-2 to expunge conviction records for a class D felony conviction converted to a class A misdemeanor conviction. The trial court denied his petition solely on the basis that the waiting period required under Section 35-38-9-2(c) had not been satisfied because five years "after the date of conviction" had not yet elapsed. Gulzar filed a motion to correct error, which was also denied.

[2] Gulzar appeals, arguing that the trial court erred in using the date of his misdemeanor conviction to determine whether the five-year waiting period in Section 35-38-9-2(c) had been satisfied and that he is entitled to expungement because it has been more than five years since the date of his class D felony conviction. In an issue of first impression, we conclude that Section 35-38-9-2(c)'s requirement that a person wait at least five years "after the date of conviction" before petitioning a court for expungement means five years from the date of the misdemeanor conviction, and not, as Gulzar urges, the date of the class D felony conviction. Therefore, we affirm.

## Facts and Procedural History

[3] On January 25, 2006, in cause number 20D05-0601-FD-37, the State charged Gulzar with class D felony theft and two counts of class D felony fraud based on his conduct of January 21, 2006. On March 31, 2006, Gulzar pled guilty to class D felony theft pursuant to a plea agreement, and the State dismissed the fraud charges. On April 28, 2006, the trial court accepted the plea agreement, entered judgment of conviction, and sentenced Gulzar to eighteen months suspended to probation.

[4]     In 2012 and 2013, Gulzar filed two unsuccessful petitions to convert his class D felony conviction to a class A misdemeanor. The record on appeal does not reveal the reasons for the denial of his petitions. On May 5, 2016, Gulzar filed a third petition to convert his class D felony conviction to a class A misdemeanor.[1] On August 8, 2016, the trial court held a hearing and orally granted Gulzar's petition over the State's objection.[2] On August 17, 2016, the trial court issued an amended sentencing order, converting Gulzar's class D felony theft conviction to a class A misdemeanor and imposing a one-year sentence with 364 days suspended. Appellant's App. Vol. 2 at 15. On April 20, 2018, Gulzar filed a motion to modify sentence, seeking a sentence less than one year so that he would qualify for United States citizenship. On May 8, 2018, the trial court issued an order granting the motion, imposing a sentence of 360 days, and directing an amended abstract of judgment to be issued. An amended abstract of judgment was issued the same day.

[5]     On November 21, 2018, pursuant to Indiana Code Section 35-38-9-2, Gulzar filed a petition for expungement of conviction records, which was ultimately assigned to cause number 20D05-1811-XP-76. *Id*. at 30. The trial court denied Gulzar's petition on the grounds that Section 35-38-9-2(c) did not permit a petition for expungement to be filed earlier than five years "after the date of

---

[1] None of Gulzar's petitions to convert are in the record on appeal.

[2] The chronological case summary for this cause suggests that the trial court orally granted Gulzar's petition, Appellant's App. Vol. 2 at 10, but the transcript of that hearing is not in the record.

conviction" and Gulzar had alleged a misdemeanor conviction date of August 8, 2016. *Id*. at 32. Gulzar filed a motion to correct error, arguing that the judgment of conviction date for purposes of calculating the five-year waiting period was April 28, 2006, the date judgment was entered for his class D felony conviction, and therefore the five-year waiting period had elapsed. The trial court held a hearing and denied his motion. This appeal ensued.

## Discussion and Decision

[6] Gulzar argues that the trial court erred in interpreting "the date of conviction" for purposes of determining when the five-year waiting period required under Section 35-38-9-2(c) had elapsed. Because he raises a question of statutory interpretation, our review is de novo. *Trout v. State*, 28 N.E.3d 267, 271 (Ind. Ct. App. 2015). "When construing a statute our primary goal is to ascertain the legislature's intent. To discern that intent, we look first to the statutory language itself and give effect to the plain and ordinary meaning of statutory terms." *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016) (citation omitted). "In construing a statute, we presume that the General Assembly intended its language to be applied logically and so as not to cause an unjust or absurd result." *Marshall v. State*, 52 N.E.3d 41, 43 (Ind. Ct. App. 2016). We read sections of an act together to attempt to harmonize the provisions and prevent any part from being rendered meaningless. *Id*. In addition, we may look to the subject matter of the act and its objectives. *Id*. "Statutes relating to the same subject matter are in pari materia (on the same subject) and should be construed together so as to produce a harmonious statutory scheme." *Jones v. State*, 928

N.E.2d 285, 287 (Ind. Ct. App. 2010). "As a general rule, there is a presumption that the Legislature in enacting a particular piece of legislation has in mind existing statutes covering the same subject." *Simmons v. State*, 773 N.E.2d 823, 826 (Ind. Ct. App. 2002) (quoting *Citizens Action Coal. of Ind. v. Pub. Serv. Comm'n of Ind.*, 425 N.E.2d 178, 184 (Ind. Ct. App. 1981)), *trans. denied*.

[7] "When a person is convicted of a crime, the conviction is a stigma that follows him or her through life, creating many roadblocks to rehabilitation." *Key v. State*, 48 N.E.3d 333, 336 (Ind. Ct. App. 2015) (citing *Jordan v. State*, 512 N.E.2d 407, 409 (Ind. 1987)). "By enacting the expungement statutes, our legislature intended to give individuals who have been convicted of certain crimes a second chance by providing an opportunity for relief from the stigma associated with their criminal convictions." *Burton v. State*, 71 N.E.3d 24, 25 (Ind. Ct. App. 2017). "The expungement statutes are inherently remedial and, as such, should be liberally construed to advance the remedy for which they were enacted." *Cline v. State*, 61 N.E.3d 360, 362 (Ind. Ct. App. 2016) (citing *Brown v. State*, 947 N.E.2d 486, 490 (Ind. Ct. App. 2011), *trans. denied*).

[8] The expungement statutes are found in Indiana Code Chapter 35-38-9, and the requirements for expungement depend on the type of conviction. Gulzar

sought expungement of his records pursuant to Section 35-38-9-2.[3]  In

November 2018, when Gulzar filed his petition, that statute provided,

> (a) Except as provided in subsection (b) and section 8.5 of this
> chapter, *this section applies only to a person convicted of a*
> *misdemeanor, including a Class D felony (for a crime committed before*
> *July 1, 2014)* or a Level 6 felony (for a crime committed after June
> 30, 2014) *reduced*[4] *to a misdemeanor*.

> (b) This section does not apply to the following:

>> (1) A person convicted of two (2) or more felony offenses that:

>>> (A) involved the unlawful use of a deadly weapon; and

>>> (B) were not committed as part of the same episode of
>>> criminal conduct.

>> (2) A sex or violent offender (as defined in IC 11-8-8-5).

> (c) *Not earlier than five (5) years after the date of conviction (unless the*
> *prosecuting attorney consents in writing to an earlier period), the person*
> *convicted of the misdemeanor may petition a court to expunge all*
> *conviction records*, including records contained in:

---

[3]  Section 35-38-9-2 was amended in 2019.  We apply the version in effect when Gulzar filed his petition.  *See* *Marshall*, 52 N.E.3d at 43 n.2 (recognizing that the version of the expungement statute in effect when the petition is filed is controlling).

[4]  Section 35-38-9-2 uses the term "reduced."  This is not the same term used in Indiana Code Section 35-50-2-7, which governs penalties for class D and level 6 felonies.  In part, subsection 35-50-2-7(d) reads, "the sentencing court may *convert* a Class D felony conviction … or a Level 6 felony conviction … to a class A misdemeanor conviction if …."  (Emphasis added.)  Neither term is defined.

(1) a court's files;

(2) the files of the department of correction;

(3) the files of the bureau of motor vehicles; and

(4) the files of any other person who provided treatment or services to the petitioning person under a court order;

that relate to the person's misdemeanor conviction.

(d) A person who files a petition to expunge conviction records shall file the petition in a circuit or superior court in the county of conviction.

(e) If the court finds by a preponderance of the evidence that:

(1) *the period required by this section has elapsed*;

(2) no charges are pending against the person;

(3) the person has paid all fines, fees, and court costs, and satisfied any restitution obligation placed on the person as part of the sentence; and

(4) the person has not been convicted of a crime within the previous five (5) years (or within a shorter period agreed to by the prosecuting attorney if the prosecuting attorney has consented to a shorter period under subsection (c));

the court *shall* order the conviction records described in subsection (c) expunged in accordance with section 6 of this chapter.

Ind. Code § 35-38-9-2 (emphases added). "Our court has interpreted this statute as 'unambiguously requir[ing] expungement when all of the statutory requirements are satisfied.'" *J.B. v. State*, 27 N.E.3d 336, 339 (Ind. Ct. App. 2015) (quoting *Taylor v. State*, 7 N.E.3d 362, 365 (Ind. Ct. App. 2014)).

[9] The only question before us is whether Gulzar filed his petition for expungement five years "after the date of conviction" as required by Section 35-38-9-2(c). Gulzar argues that the trial court erred in interpreting subsection (c) to require the passage of at least five years from the date that the class D felony conviction was converted to a class A misdemeanor conviction rather than the date that the class D felony conviction was entered. Our courts have not addressed whether, in cases where a class D felony conviction has been converted to a class A misdemeanor, "the date of conviction" for purposes of the five-year waiting means the date of the class D felony conviction or the date the class D felony conviction was converted to a class A misdemeanor.

[10] Gulzar filed his petition for expungement on November 21, 2018. His conviction for class D felony theft was entered on April 28, 2006, and the written amended sentencing order converting his class D felony theft conviction

to a class A misdemeanor theft conviction was issued August 17, 2016.[5]  He asserts that the judgment of conviction entered in 2006 has never been vacated or withdrawn but was only amended, and is therefore the conclusive judgment of conviction date that should be used.  He further notes that because twelve years have passed since his 2006 judgment of conviction, he would have met all the statutory provisions for expungement of class D felony conviction records under Section 35-38-9-3, including its eight-year waiting period.  *See* Ind. Code § 35-38-9-3(c) (providing that a person convicted of a class D felony may petition for expungement "[n]ot earlier than eight years after the date of conviction (unless the prosecuting attorney consents in writing to an earlier period)").  Thus, according to Gulzar, had his conviction remained a class D felony, the trial court would have been required to grant his petition.

[11]  The State counters that the plain language of Section 35-38-9-2 imposes a five-year waiting period for expungement of misdemeanor conviction records and there is no relation-back provision to include the time period before the class D felony conviction was reduced to a class A misdemeanor.  We agree with the State.  Section 35-38-9-2(a) applies to "a person convicted of a misdemeanor, including a Class D felony … reduced to a misdemeanor."  Thus, Section 35-38-9-2 would not have applied to Gulzar until his conviction for a class A

---

[5]  Gulzar asserts that the date of conversion was August 8, 2016, when the trial court orally granted his petition.  Because we do not have the transcript from that hearing, and we do have the written amended sentencing order dated August 17, 2016, we refer to that date.  For purposes of resolving the issue on appeal, it is immaterial which date we use because it would not change the outcome.

misdemeanor was entered. Unless or until Gulzar's class D felony conviction was converted to a class A misdemeanor, any expungement of his records would been governed by Section 35-38-9-3. Additionally, Section 35-38-9-2(c) provides that "the person convicted of the misdemeanor" may petition for expungement "[n]ot earlier than five years after the date of conviction." There is no relation-back period provided. We observe that "it is just as important to recognize what a statute does not say as it is to recognize what it does say. A court may not read into a statute that which is not the expressed intent of the legislature." *Herron v. State*, 729 N.E.2d 1008, 1010 (Ind. Ct. App. 2000) (citation omitted), *trans. denied*. Based on the plain and ordinary meaning of the terms in Section 35-38-9-2, we conclude that "the date of conviction" in subsection (c) means the date of the misdemeanor conviction and not the date of the class D felony conviction.

[12] We find further support for this conclusion in Indiana Code Section 35-50-2-7, which governs the penalties for class D and level 6 felonies, authorizes a trial court to enter judgment of conviction for a class A misdemeanor instead of a class D felony in some circumstances, and permits the trial court to convert a judgment of conviction entered for a class D felony to a class A misdemeanor if certain conditions are satisfied. Gulzar's petition to convert is not in the record, but it would have been brought pursuant to Section 35-50-2-7(d),[6] which permits a trial court to convert a class D felony conviction to a class A

---

[6] We refer to the version of the statute in effect when Gulzar filed his petition to convert.

misdemeanor if, among other things, at least three years have passed since the person completed his or her sentence as well as satisfied any other obligation imposed as part of the sentence. Significantly, Section 35-50-2-7(f) provides,

> If a person whose Class D or Level 6 felony conviction has been converted to a Class A misdemeanor conviction under subsection (d) is convicted of a felony *not later than five (5) years after the conversion* under subsection (d), a prosecuting attorney may petition a court to convert the person's Class A misdemeanor conviction back to a Class D felony conviction (for a crime committed before July 1, 2014) or a Level 6 felony conviction (for a crime committed after June 30, 2014).

(Emphasis added.) Thus, for five years after the conversion, a prosecutor may petition a court to convert the class A misdemeanor conviction back to a class D felony if the person is convicted of a felony within that time. This provision can only have its full effect if a person whose class D felony was converted to a class A misdemeanor is required to wait five years after the conversion before filing a petition for expungement under Section 35-38-9-2. We presume that the legislature did not intend to enact a useless provision. *Brown v. State*, 774 N.E.2d 1001, 1004 (Ind. Ct. App. 2002), *trans. denied* (2003).

[13] We acknowledge that there is an incongruity between the waiting period required for expungement of conviction records for a class D felony and the longer waiting period required for a class D felony conviction converted to a class A misdemeanor. Under Section 35-38-9-3(c), a person convicted of a class D felony must wait eight years after the date of conviction to petition a court for expungement. However, a person who has a class D felony conviction

converted to a class A misdemeanor will have to wait longer. If a person seeks to convert a class D felony conviction to a class A misdemeanor, Section 35-50-7-2(d) first requires the person to wait three years after completing his or her sentence and satisfying all obligations before petitioning to convert the class D felony conviction to a class A misdemeanor. Then, Section 35-38-9-2(c) requires that the person wait five more years before petitioning for expungement. Thus, the waiting period required to petition for expungement for persons with converted class D felonies will be greater than eight years depending on the length of the person's sentence and the time it takes him or her to satisfy the obligations imposed as part of the sentence. This incongruity is one that our legislature might consider addressing.

[14] Because Gulzar was convicted of class A misdemeanor theft in August 2016, five years after the date of his conviction have not elapsed, and therefore he is not entitled to expungement of his misdemeanor conviction records under Section 35-38-9-2 at this time. Therefore, we affirm the denial of Gulzar's petition for expungement.

[15] Affirmed.

Kirsch, J., concurs.

Baker, J., dissents with opinion.

| | |
|---|---|
| Naveed Gulzar,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | Court of Appeals Case No.<br>19A-XP-637 |

**Baker, Judge, dissenting.**

I respectfully dissent.  The majority explains the many rules of statutory construction, including rules of general applicability and rules that are specifically relevant to this case.  In my view, two of those rules should lead to a different conclusion.  First, as a general rule, "we presume that the General Assembly intended its language to be applied logically and so as not to cause an unjust or absurd result." *Marshall*, 52 N.E.3d at 43.  Second and particularly relevant here, "[t]he expungement statutes are inherently remedial and, as such, should be liberally construed to advance the remedy for which they were enacted." *Cline*, 61 N.E.3d at 362.

I believe that the position advanced by the State, and adopted by the majority, leads to an illogical result—a person who has a Class D felony conviction that was converted to a Class A misdemeanor has to wait *longer* for expungement than someone who merely has a Class D felony conviction. I simply cannot accept that the General Assembly intended this result, which is both unjust and ill advised.[7] Moreover, given the mandate that we liberally construe the expungement statutes, in my opinion the result is doubly wrong.

In my view, the rules of statutory construction lead to only one reasonable conclusion—that "the date of conviction" refers to the *original* date of conviction, rather than the date on which the felony was converted to a misdemeanor. Therefore, I believe we should reverse and remand with instructions to grant Gulzar's expungement petition.

---

[7] I certainly join in the majority's wise suggestion that the legislature consider addressing this unclear statutory language.