

IN THE

# Court of Appeals of Indiana

Harold E. Chastain,

*Appellant-Petitioner*

v.

State of Indiana,

*Appellee-Respondent*



FILED

Oct 28 2025, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

October 28, 2025

Court of Appeals Case No.
25A-XP-1105

Appeal from the Elkhart Superior Court

The Honorable Elizabeth A. Bellin, Judge

Trial Court Cause No.
20D04-2101-XP-7

---

**Opinion by Judge Mathias**
Chief Judge Altice and Judge Foley concur.

**Mathias, Judge.**

[1] Indiana's expungement statutes generally provide petitioners with a once-in-a-lifetime opportunity to expunge records relating to convictions and adverse juvenile delinquency adjudications, but they also provide liberal amendment rules to allow petitioners to supplement petitions at any time with additional expungement requests that were omitted from the initial petition due to the petitioner's excusable neglect or due to circumstances beyond the petitioner's control. Ind. Code § 35-38-9-9(k) (2025).[1] Here, Harold E. Chastain filed a petition to expunge records relating to arrests and convictions he had acquired under six case numbers. More than two years after the trial court granted his request, he sought to include with his initial petition an additional request to expunge the records of a seventh case number that was not eligible for expungement at the time he had filed his initial petition.

[2] On this question of first impression, we agree with the trial court that Chastain's request to belatedly include the seventh case number with the other six was not permitted under our expungement statutes. The records of Chastain's seventh case number were not omitted from his initial petition due to his excusable neglect or to circumstances beyond Chastain's control; they were omitted because, at the time he chose to file his initial petition, those records were not

---

[1] We understand the State's brief to concede that Chastain is procedurally allowed to supplement his initial petition under the current language of Indiana Code section 35-38-9-9(k) (2025). We accept the State's concession and limit our analysis to the merits of Chastain's claim accordingly.

eligible for expungement. If Chastain wished to include the records of his seventh case number with an initial petition, he was required to wait the requisite amount of time for those records to become eligible for expungement before he filed that petition. Accordingly, we affirm the trial court's denial of Chastain's motion to amend his expungement petition.

## Facts and Procedural History

In July 2015, a jury found Chastain guilty of Class C felony intimidation and Class B misdemeanor battery in case number 20D02-1303-FC-75 ("case number FC-75"). The trial court entered its judgment of conviction accordingly and sentenced Chastain to an aggregate term of six years suspended to probation. We affirmed his convictions on direct appeal, and the Indiana Supreme Court denied Chastain's petition for transfer. He then sought post-conviction relief, which was denied.

In January 2021, Chastain filed his initial petition to expunge the records of arrests, criminal charges, and convictions relating to six case numbers between 1993 and 2009. At the time he filed his initial petition, the records of case number FC-75 were not eligible for expungement and would not become eligible until about thirty months later. *See* I.C. § 35-38-9-4(c). In March, the trial court entered a final judgment granting Chastain's petition and expunging the records of the six identified case numbers.

In October 2024, Chastain filed a new petition in which he sought to expunge the records of case number FC-75. The State objected to Chastain's new

petition on the ground that it was inconsistent with the once-per-lifetime filing requirements. *See* I.C. § 35-38-9-9(i). Chastain then withdrew his petition and, in December, instead moved to amend his January 2021 petition to include the records from case number FC-75. After a hearing, the trial court denied Chastain's request to amend his January 2021 petition.

[6] This appeal ensued.

## Standard of Review

[7] The dispositive issue on appeal is whether Indiana's expungement statutes permit Chastain to belatedly include the records of case number FC-75 with his initial petition when those records were not eligible for expungement at the time of Chastain's original filing. When a trial court's ruling involves a pure question of law, such as the interpretation of a statute, our standard of review is de novo. *Church v. State*, 189 N.E.3d 580, 585 (Ind. 2022).

[8] As our Supreme Court has made clear:

> When interpreting a statute, the first step is to give the statute's words their plain and ordinary meaning, considering the structure of the statute in its entirety to promulgate a harmonious reading. *See Fam. & Soc. Servs. Admin. v. Saint*, 258 N.E.3d 972, 980 (Ind. 2025). In addition, "we consider both what the statute does—and does not—say, because we cannot 'add words or restrictions.'" *Id.* (quoting *WTHR-TV v. Hamilton Se. Schs.*, 178 N.E.3d 1187, 1191 (Ind. 2022)). Ultimately, the end goal of construing any statute is to effectuate the intent of the legislature. *N.L. [v. State]*, 989 N.E.2d [773,] 777 [(Ind. 2013)] (citing *Walczak v. Labor Works-Ft. Wayne LLC*, 983 N.E.2d 1146, 1154 (Ind. 2013)).

*D.W. v. State*, 263 N.E.3d 151, 157 (Ind. 2025).

## Indiana's expungement statutes exist to help those who have remained law-abiding obtain a "second chance."

[9] Before reaching the merits of the parties' arguments in this appeal, we first emphasize the purposes of Indiana's expungement statutes. As we have previously recognized:

> the overall objective [of Indiana's expungement statutes] is clear: our legislature intended to provide assistance to those who remained law-abiding. *Cf. Taylor*, which . . . discussed the overall public policy of the expungement statutes:
>
> > The legislature intended to give individuals who have been convicted of certain crimes a second chance by not experiencing many of the stigmas associated with a criminal conviction—especially where an individual has completed the requirements established by the trial court and *has since been a law-abiding citizen.*
>
> *Taylor[ v. State]*, 7 N.E.3d [362,] 367 [(Ind. Ct. App. 2014)] (emphasis added). Similarly, in *Alvey v. State*, 10 N.E.3d 1031, 1034 (Ind. Ct. App. 2014), . . . the court opined that the intent of the General Assembly "was to allow those persons who had successfully completed their sentences *without incident* to petition the court after the passage of a certain amount of time . . . to expunge the records of their conviction."

*Marshall v. State*, 52 N.E.3d 41, 44-45 (Ind. Ct. App. 2016) (emphases and last omission original to *Marshall*).

As relevant here, Indiana's expungement statutes balance the need to help those who have earned a second chance against recidivists in two key ways. First, they establish mandatory waiting periods before certain records become eligible for expungement. For example, Indiana Code section 35-38-9-4(c) requires petitioners convicted of certain felonies to wait "the later of eight (8) years from the date of conviction[] or three (3) years from the completion of . . . sentence" before they may file their petitions to expunge records related to their convictions. Second, a petitioner seeking to expunge records relating to a conviction "may file a petition for expungement only one (1) time during the petitioner's lifetime."[2] I.C. § 35-38-9-9(i). The mandatory waiting periods coupled with the once-in-a-lifetime filing requirement operate together to create a clear plan of attack for a petitioner who seeks to maximize the benefits of Indiana's expungement statutes: get through the relevant waiting period without additional convictions, then file a petition to expunge all records, and then avoid new offenses.

Further, the once-in-a-lifetime requirement has some give. For example, petitioners actually have 365 days to file various petitions across multiple counties. I.C. § 35-38-9-9(i). And, most significantly, our General Assembly expressly permits petitioners to supplement an initial petition with omitted expungement requests where the petitioner's initial petition was filed "in good

---

[2] There is no once-in-a-lifetime requirement to expunge records of interactions with the criminal justice system that do not result in a conviction or an adverse juvenile delinquency adjudication. I.C. §§ 35-38-9-1, -9(i).

faith"; the omission of the information now being sought to be included was "due to: (A) excusable neglect; or (B) circumstances beyond the petitioner's control"; and allowing the belated request "is in the best interests of justice." I.C. § 35-38-9-9(k).

## When a petitioner chooses to file his initial petition is a circumstance within the petitioner's control.

[12] We thus turn to whether Indiana Code section 35-38-9-9(k) prohibited Chastain from seeking to expunge the records of case number FC-75 as a supplementary request to his January 2021 petition. On this issue, section 35-38-9-9(k) provides that a request to expunge records not included in the initial expungement petition is permitted

> only if the court finds that:
>
> > (1) the petitioner intended in good faith to comply with subsections (h) and (i);[3]
> >
> > (2) the petitioner's failure to comply with subsections (h) and (i) was due to:
> >
> > > (A) excusable neglect; or

---

[3] Again, Indiana Code subsections 35-38-9-9(h) and (i) establish the county and lifetime requirements for expungement requests.

(B) circumstances beyond the petitioner's control; and

(3) permitting the petitioner to file a subsequent petition for expungement is in the best interests of justice.[4]

[13] We agree with the State that Chastain's failure to include the records of case number FC-75 in his initial petition was not due to excusable neglect or to circumstances beyond his control, as required under subsection (k)(2). Chastain does not suggest that excusable neglect applies here, and he did not omit case number FC-75 from his initial petition due to a circumstance beyond his control, such as his inability to identify or locate relevant records due to some disaster. Chastain failed to include his request to expunge the records from case number FC-75 in his initial petition because, at the time he filed that petition, those records were not eligible for expungement because the requisite time had not passed. *See* I.C. § 35-38-9-4(c).

[14] Chastain does not dispute that he could not have included his request to expunge the records from case number FC-75 in his initial petition at the time he filed it. *See* Appellant's Br. at 16. Rather, he asserts that the "legal impediment" that the records from case number FC-75 were not eligible for expungement at the time he filed his initial petition qualifies as a

---

[4] The quoted language here is identical in both the 2024 and 2025 versions of section 35-38-9-9(k).

"circumstance[] beyond [his] control" under subsection (k)(2)(B). We do not agree.

[15] Our General Assembly has established certain timeframes that must lapse before records may be expunged; those timeframes ensure that petitioners have established that they have "been . . . law-abiding citizen[s]" when they file their petitions. *Marshall*, 52 N.E.3d at 45 (quoting *Taylor*, 7 N.E.3d at 367) (emphasis removed). Thus, Chastain had the opportunity to include the records from case number FC-75 in *an* initial petition—but he had to wait the requisite timeframe for those records to be eligible for expungement before he filed that initial petition. Stated another way, the timing of when Chastain chose to file his initial petition was not a "circumstance[] beyond [his] control." To the contrary, only he controlled the timing of his initial petition.

[16] Accepting Chastain's argument on this issue would undermine the statutory constraints our General Assembly has determined to be necessary to ensure that the purposes of our expungement statutes are best fulfilled. In particular, if a petitioner can file an initial petition at any time and then seek to supplement that petition at any later time with ensuing case numbers as those ensuing case numbers become eligible for expungement, the once-in-a-lifetime requirement would be meaningless. Chastain's argument also undermines ensuring that those who petition for expungement have spent a requisite amount of time living law-abiding lives; under his theory for relief, a petitioner can simply supplement an already-filed petition on a rolling basis forever and despite being a recidivist. We reject his argument accordingly.

## Conclusion

[17] For all of these reasons, we conclude that Chastain's request to supplement his January 2021 petition to expunge the records from case number FC-75 was not permitted under Indiana Code section 35-38-9-9(k). We therefore affirm the trial court's denial of Chastain's request.

[18] Affirmed.

Altice, C.J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

David Wemhoff
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana